## INDUST COMM v PARRY

Ohio Appeals, 2nd Dist, Franklin Co
No. 2066.  Decided June 5, 1931

D. J. Hoskins, Pros. Atty., and J. E. Bowman, Columbus, for Ind. Comm.

Cowan & Adams, Columbus, for Parry.

LEVINE, J, (8th Dist) sitting by designation.

HORNBECK, J.

Plaintiff in error complains of the verdict and judgment and asserts that the condition of the heart was but an incident to the employment; that it was not produced by an injury, but was the result of natural and regular course of a disease affecting the organ involved.

We are satisfied that dilation of the heart may be classified as an injury.

The record supports the conclusion of the jury that this dilation was a result of the unusual speeding up of the work of the defendant in error.  The record further supports the determination of the jury that the impairment was not the result of gradual course of heart disease, but was the result of a sudden strain to which the heart was subjected.

The jury must have affirmatively found this by reason of the fact that the court, upon the request of counsel for plaintiff in error, before argument, gave the following special instruction:

"If you find from the evidence that Carl Edgar Parry had worked for about twelve years as a plasterer, during all or part of which time, he was unconsciously afflicted with heart disease, and that his disablement on or about the 12th day of June, 1930, if you shall find that he was so disabled, was the result solely of the normal progress of said disease, then the court instructs you that he did not sustain an injury in the course of employment within the meaning of the compensation laws, and you should find for the defendant."

This special charge must have been considered and resolved against the plaintiff in error by the jury.

The inferences to be drawn by the undisputed medical testimony offered on behalf of the defendant in error are not met by any affirmative expert testimony to the contrary.

We believe **Industrial Commission v Polcen, 121 Oh St 377** is analagous to the instant case.

We therefore can not say as a matter of law that the evidence supports no cause of action for the defendant in error, nor that the verdict and judgment are manifestly against the weight of the evidence.

Judgment affirmed.

ALLREAD, PJ, and LEVINE, J, concur.